**IN THE DISTRICT COURT OF THE UNITED STATES FOR THE**

**MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **CRIMINAL ACTION NO.** |
| **v.** | ) | **2:21cr365-MHT** |
| | ) | **(WO)** |
| **BRANDON MEGUIEL SALTER** | ) | |

**OPINION AND ORDER**

**This case is now before the court on defendant Brandon Meguiel Salter's motion to review the pretrial detention order entered by a United States Magistrate Judge after a hearing. Salter is charged with six counts: two counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); two counts of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1); and two counts of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Following Salter's arrest, the magistrate judge held a hearing and ordered Salter to be detained pending trial. Pursuant to**

18 U.S.C. § 3142, Salter moved this court to review the magistrate judge's detention order and revoke that order.

The court held its own hearing on January 25, 2022, received evidence, and conducted an independent and de novo review of the detention issue.* The court agrees that Salter poses a danger to the community and will therefore order that he remain detained pending trial.

## I. Legal Framework

This court must order Salter's detention if, after a hearing, it finds that "no condition or combination of conditions will reasonably assure [his] appearance ... as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). The government bears the burden of proving (1) by a preponderance of

---

\* Both parties orally agreed the court could resolve the motion for reconsideration without listening to the audio or reviewing a transcript of the initial detention hearing before the magistrate judge.

the evidence that no condition or conditions will reasonably ensure his appearance or (2) by clear and convincing evidence that no condition or conditions will ensure the safety of any other person and the community.  *See United States v. Quartermaine*, 913 F.2d 910, 917 (11th Cir. 1990).

18 U.S.C. § 3142(e) provides that:

> "(3) Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed—
>
> (A) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.) ... ; [or]
>
> (B) an offense under [18 U.S.C.] section 924(c)...."

Salter faces four drug counts: two drug-distribution counts that carry a sentence of up to ten years, 21 U.S.C. § 841(a)(1); and two counts for possession of a firearm in furtherance of a drug trafficking crime,

3

18 U.S.C. § 924(c).  Therefore, if there is probable cause for either of the § 841(a)(1) charges or either of the § 924(c) charges, Salter is subject to a 'rebuttable presumption' that no condition or conditions will ensure his appearance or the safety of the community, see 18 U.S.C. § 3142(e)(3)(A) & (B), and, accordingly, he would have the burden of production to come forward with evidence to rebut the presumption.  See *Quartermaine*, 913 F.2d at 916. However, even if Salter satisfies his burden of production the presumption still "remains in the case as an evidentiary finding militating against release." *Id.*  But the rebuttable presumption triggered by the four drug charges does not shift the ultimate burden of persuasion as to flight risk or dangerousness, which remains with the government.  See *id.*

The court must consider four factors in making its detention determination: "(1) the nature and circumstances of the offense charged ...; (2) the

weight of the evidence against the person; (3) the history and characteristics of the person ...; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release."  18 U.S.C. § 3142(g).

Both parties agree that the court reviews the magistrate judge's detention order *de novo*.

## II. Analysis

The court agrees with the magistrate judge's conclusion that the government has met its burden of proving, by clear and convincing evidence, that "no condition or combination of conditions will reasonably assure ... the safety of any other person and the community."  18 U.S.C. § 3142(e)(1).  As stated, Salter is charged with two counts of possession of a firearm by a convicted felon; two counts of possession with intent to distribute a controlled substance; and two counts of possession of a firearm in furtherance of a

drug trafficking crime. The charges stem from two traffic stops in 2020, in each of which Salter was found in possession of a firearm and marijuana. Based on the indictment and the evidence presented at the January 25 hearing, the court finds that there is probable cause to believe that he has committed both the § 841(a)(1) offenses (drug-distribution counts that each carry a sentence of up to ten years) and the § 924(c) offenses (counts for possession of a firearm in furtherance of a drug trafficking crime). Salter is, therefore, subject to the rebuttable presumption that no condition or combination of conditions will reasonably assure his appearance as required and the safety of the community. *See* 18 U.S.C. § 3142(e)(3)(A) & (B).

The court believes that the government has met its burden of establishing Salter's dangerousness. First, there is the rebuttable presumption, which is by itself "an evidentiary finding militating against release."

*Quartermaine*, 913 F.2d at 916.  Second, he has a criminal history that includes convictions for possession of marijuana, reckless driving, and unlawfully carrying a concealed weapon.  This history supports finding he is a danger to the community.  Third, Salter was charged at least twice with committing state offenses, was released on bond, and now there is probable cause that he committed federal offenses similar to the state ones.  This repeated pattern strongly supports a finding that Salter poses a danger to his community based on the threat that he would continue to commit the charged offenses if released pending trial.  (He also has two attempt-to-elude-police charges pending in state court, which undermine any finding that he can be trusted).

Salter attempts to offer evidence and arguments that rebut the 18 U.S.C. § 3142 presumption and show that there are conditions or a combination of conditions that will reasonably assure the safety of

the community.  He suggests that home confinement and wearing an ankle monitor would address any danger he posed to the community.  He also argued that he could be ordered to reside with his parents, who would supervise him.  He also notes his strong ties to his family who reside in the Middle District of Alabama; and he emphasizes, in particular, the birth of his new, and only, daughter as evidence that he is likely to have reformed despite his criminal history.

The court is unpersuaded by Salter's arguments and evidence.  Home confinement, including the imposition of ankle monitoring, does not address one of the court's principal concerns: that he has repeatedly possessed a gun while on bond on the state charges and will continue to possess a gun if released by this court on the federal charges.  He can easily possess a gun even if on home confinement on ankle monitoring. The willingness of his parents to supervise him and the birth of his daughter do not warrant a different

conclusion in light of his past criminal history, including his alleged previous conduct while released on bonds.

Lastly, he shared the unique danger that COVID-19 poses to him due to his health condition. He argued for release on home confinement because he believed that the Montgomery City Jail did not have the resources to properly protect him from contracting COVID-19. Salter raises valid concerns about the danger that COVID-19 poses to him in the local jail. However, this danger does not override the danger that Salter poses to the community. The court cannot trust that Salter will cease his alleged criminal activity--in particular, possessing firearms--if released pending trial.

The finding that the government met its burden as to Salter's dangerousness is sufficient to mandate his detention pursuant to section 3142(e)(1). Consequently, the court need not address whether the

magistrate judge correctly found that the government satisfied its burden as to flight risk.

***

Accordingly, it is ORDERED that:

(1) Defendant Brandon Meguiel Salter's motion (Doc. 32) is granted to the extent he seeks review of the magistrate judge's detention order.

(2) His motion (Doc. 32) is denied to the extent he seeks to have the detention order revoked.

(3) Defendant Salter shall remain detained pending resolution of the charges against him or further order of the court.

DONE, this the 1st day of February, 2022.

                                                  /s/ Myron H. Thompson
                                      **UNITED STATES DISTRICT JUDGE**