IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )    CRIMINAL ACTION NO.
     v.                     )        2:21cr365-MHT
                            )            (WO)
BRANDON MEGUIEL SALTER      )
```

ORDER

This case is before the court on defendant Brandon Meguiel Salter's motion for court-ordered mental examination of the defendant. In the motion, counsel represents that he would like to retain Dr. Karl Kirkland to perform a mental evaluation of defendant Salter for purposes of sentencing, and that Salter will pay for the examination himself. As Salter does not need government funds to obtain the evaluation, and because Salter is not asking the court to order its own evaluation, the court need not approve the evaluation. Where funds are available, defense counsel can always obtain an evaluation without the court's approval. Nevertheless, as the sentencing is set on June 9, 2022--less than a week away--and the evaluation has not

yet been performed, the court will construe the motion as a motion to continue the sentencing to allow for the mental evaluation to take place. Counsel for the government has confirmed via email that he does not oppose a continuance of the sentencing.

\*\*\*

Accordingly, it is ORDERED that:

(1) Defendant Brandon Meguiel Salter's motion for court-ordered mental examination of the defendant (Doc. 81) is construed as a motion to continue sentencing.

(2) The motion is granted, and the sentencing hearing currently set for June 9, 2022, is continued to July 7, 2022, at 8:30 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama, with the deadline for submitting sentencing memoranda adjusted accordingly.

(3) If the defendant wants the court to consider the evaluation at sentencing, he shall file it with the

2

court five days prior to sentencing, under seal.  If he submits the evaluation, the defendant's sentencing memorandum shall address the relevance of the evaluation, if any, to the sentencing factors in 18 U.S.C. § 3553(a).  Should it wish to do so, three days prior to the sentencing, the government may file a response concerning the relevance of the evaluation, if any, to the sentencing factors in 18 U.S.C. § 3553(a).

DONE, this the 6th day of June, 2022.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**